Opinion of the Court, by
Hobnbloweb, C. J.
On a former trial of this cause which took place before me, substantially the same matters and by the same witnesses, were proved, as on the last trial. The parties were then present and fully prepared on both sides. The cause turned on the question, whether due diligence had been used by the plaintiff, in giving notice of non-payment of the note in question, to the defendant, as indorser. Under the charge given by me to the jury, they rendered a verdict for the defendant, This court being of opinion, that I had misdirected the jury, (an opinion in which I fully concurred,) set aside that verdict and granted a new trial. See 3 Har. R. 276.
*308 When the cause came on for trial again, the facts and circumstances occurred which are stated in the recital preceding this opinion. The defendant’s counsel, now moves for a rule to show cause, &c. upon an affidavit stating, that he resides in Morris county: that about a week before the Circuit, he received a letter from his attorney informing him, that the cause was noticed for trial: that he immediately went to see his attorney and prepare for trial s that his attorney told him it would be time euougb if he was in court on Wednesday morning: that he arrived, in company with a witness from Warren, in Newark, on Tuesday evening, and then heard that the cause had been tried : “ that he had several witnesses in Newark alsothat he had had no conference with his counsel since the first trial. Thus far the affidavit discloses nothing but an incurable negligence on the part of the defendant, to attend to his cause, and prepare himself for trial: except so far as he may have been misled by the advice of his attorney. But the affidavit proceeds to state, that he is advised by his counsel and verily believes, that he has a “just, good and valid defence;” that he resided in Newark with his family, until a short time before the note became due; that he removed to Danville in Warren county; that it was well known in Newark, where he had moved to; that the maker of the note had a family and kept house in Newark, when the note became dife, and had at that time no connection with the store, where payment had been demanded ; and finally that if defendant had had due notice of non-payment, he could have scoured the amount from the maker; as at that time he had money in his hands belonging to the maker of the note, and which he afterwards paid to him.”
Had this affidavit been put in at the Circuit, I should have opened the cause and let in the evidence. But no such affidavit was offered, nor any such statement made. The court were only told, that the witnesses would prove, that defendant had in fact removed from Newark to Danville and not to Hope, to which place the notice had been directed ; and that he could prove, that it was well known in Newark, where he had removed to. That the Defendant had removed to Danville and not to Hope, was already in evidence. It came out on the examination of the plaintiff’s witnesses, and was not denied by the plaintiff. But where the defendant actually resided, when the note became due, *309 was not the question. It was, whether the plaintiff by his agent or notary, or the notary’s clerk, had used due diligence. Whether he had made such efforts and inquiries to find out the defendant’s residence, as were reasonable, and as would amount to due 'diligence. This question was distinctly submitted to the j urv, in such a manner and with such instructions, as were satisfactory to the parties; as no exceptions were taken to the charge. The fact, therefore, that it was well known in Newark, where the defendant had gone to reside, could not alter the case. Suppose it was well known to Johnson and a dozen other persons or more, that defendant had gone to Danville, yet if the notary made diligent search and inquiry, and could not find out where he had gone, and the jury were satisfied of that, their verdict must have been the same. The notary, it is true, did not inquire at the house where defendant had lived in Newark; but the present occupants of city houses, are less likely to know who the prior tenants were or where they have gone to, than those with whom they used to do business. The notary’s omission to inquire there, or, that he happened not to inquire of the only person or persons, who did know where defendant had gone, is certainly not fatal to the plaintiff’s recovery: and for this reason, that the plaintiff or the notary did not know who could tell him where defendant had gone. All this notoriety, however, might have been proved on the first trial. The defendant was then prepared, or ought to have been; but it was not done; and what is more remarkable, no pretence was then set up, nor any evidence offered to show, that the defendant had funds belonging to the maker of the note in his hands, when it became due. It is also, a remarkable fact, that although the defendant has put in this affidavit, he has not ventured to deny under oath, that he received the notice; or if he did receive it, that it was not until after he had parted with the funds in his hands.
This is very different from the ease lately decided in this court, from the Somerset Circuit. In that case the defendant’s most important and material witness resided out of the state and beyond the reach of the process of this court. He had been advised by his attorney, that the first day of the Somerset court was usually devoted to criminal business, (a fact I believe admitted,) and that it would be time enough for him to be there on Wednes *310 day morning. There had been no previous trial; he had had no opportunity of being heard, and he disclosed facts upon his affidavit, which if true, constituted a olear and unquestionable defence, and which, owing to the mistake of his attorney, or the unusual course of the court, on that occasion, he had had no opportunity of preventing. I am therefore of opinion, the rule must be refused.
Mule refused.